LANDMAN CORSI BALLAINE & FORD P.C.
One Gateway Center, 4th Floor
Newark, New Jersey 07102-5388
(973) 623-2700
By:   Jerry A. Cuomo (JC-4253)
Attorneys for Plaintiff/Counterclaim Defendant
Freedom Mortgage Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION,<br><br>　　Plaintiff/Counterclaim<br>　　Defendant<br><br>v.<br><br>LOANCARE, LLC (as successor to FNF Servicing, Inc. and LoanCare, a Division of FNF Servicing, Inc.),<br><br>　　Defendant/Counterclaim<br>　　Plaintiff | Civil Action No. 16-cv-2569-RMB-KMW<br><br>ANSWER TO COUNTERCLAIM and<br>AFFIRMATIVE DEFENSES |

Plaintiff Freedom Mortgage Corporation ("Freedom") for its Answer to Defendant LoanCare, LLC's ("LoanCare") Counterclaim (the "Counterclaim") states as follows:

1. Freedom admits the allegations of paragraph 1 of the Counterclaim.

2. Freedom admits the allegations of paragraph 2 of the Counterclaim.

3. Freedom avers that paragraph 3 of the Counterclaim states conclusions of law to which no response is required. To the extent a response is required, Freedom admits the allegations of paragraph 3.

4. Freedom avers that paragraph 4 of the Counterclaim states conclusions of law to which no response is required. To the extent a response is required, Freedom admits the allegations of paragraph 4.

5. Freedom avers that paragraph 5 of the Counterclaim states conclusions of law to which no response is required. To the extent a response is required, Freedom admits the allegations of paragraph 5.

6. Freedom admits the allegations of paragraph 6 of the Counterclaim.

## FACTUAL BACKGROUND

7. Freedom admits only that Freedom and LoanCare entered into a "Second Amendment to Subservicing Agreement" dated January 4, 2016 (the "Second Amendment"), the terms of which speak for itself, including that the Amended and Restated Subservicing Agreement dated February 1, 2010 ("the Subservicing Agreement") would not be renewed or extended beyond June 30, 2016, and would expire on that date. Except as so admitted and except as agreed between the parties as reflected in the Second Amendment, Freedom denies the allegations of paragraph 7 of the Counterclaim.

8. Freedom denies the allegations of paragraph 8 of the Counterclaim.

9. Freedom denies the allegations of paragraph 9 of the Counterclaim.

10. Freedom admits only that, during the term of the Agreement, LoanCare made certain "Advances" (as such term is defined under § 1.3 of the Subservicing Agreement) and incurred certain "Other Charges" (as such term is described in § 1.50 of the Subservicing Agreement). Except as so admitted, Freedom denies the allegations of paragraph 10 of the Counterclaim.

11. Freedom admits only that the Subservicing Agreement speaks for itself and directs the Court to the full Subservicing Agreement for its complete terms, and denies the allegations of paragraph 11 of the Counterclaim to the extent that LoanCare seeks to imply anything or impose any duty upon Freedom which is contrary to the terms of the Subservicing Agreement.

12. Freedom denies the allegations of paragraph 12 of the Counterclaim.

13. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Counterclaim.

14. Freedom admits the allegations of paragraph 14 of the Counterclaim, except that Freedom denies that the referenced actions by LoanCare were limited to "late April 2016."

15. Freedom admits the allegations of the first sentence of paragraph 15 of the Counterclaim, except denies that 1,750 loans were transferred and states that 1,744 loans were transferred. In response to the second sentence of paragraph 15, Freedom admits that the subject escrow-related balances "would be transferred to Freedom with the servicing of the loans," but lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of the second sentence. Freedom denies the allegations of the third sentence of paragraph 15 of the Counterclaim.

16. Freedom admits the allegations of the first sentence of paragraph 16 of the Counterclaim. In response to the second sentence of paragraph 16, Freedom admits that the subject escrow-related balances "would be transferred to Freedom with the loans," but lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of the second sentence.

4830-0664-6326v.1

17. Freedom admits the allegations of the first sentence of paragraph 17 of the Counterclaim, except denies that 16,000 loans were transferred and states that 16,248 loans were transferred. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 17 of the Counterclaim.

18. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Counterclaim.

19. Freedom admits only that it received a wire from LoanCare in the amount of $66,134,172.36. Except as so admitted, Freedom denies the allegations of paragraph 19 of the Counterclaim.

20. Freedom admits only that it received a wire from LoanCare in the amount of $11,906,904.45. Except as so admitted, Freedom denies the allegations of paragraph 20 of the Counterclaim.

21. Freedom admits only that it received the wires referenced in paragraphs 19 and 20 of the Counterclaim from LoanCare in the total amount of $78,041,076.81. Except as so admitted, Freedom denies the allegations of paragraph 21 of the Counterclaim.

22. Freedom denies the allegations of paragraph 22 of the Counterclaim.

23. Freedom admits only that it had never blocked any debit of LoanCare before May 2016 and denies the remaining allegations of the first sentence of paragraph 23 of the Counterclaim, and further states that LoanCare was never authorized to debit any "Custodial Account" (as defined in Section 1.11 of the Subservicing Agreement) for its own benefit. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 23 of the Counterclaim.

24. Freedom denies the allegations of the first and third sentences of paragraph 24 of the Counterclaim. Freedom denies the allegations of the second sentence of paragraph 24, except admits that it filed its Complaint in this action on May 6, 2016, and directs the Court to the Complaint for its complete allegations and claims.

25. Freedom lacks knowledge or information sufficient to form a belief as the truth of the allegations in the first and second sentences of paragraph 25 of the Counterclaim. Freedom denies the allegations of the third sentence of paragraph 25. In response to the allegations of the fourth sentence of paragraph 25, Freedom admits only that it "sent LoanCare a copy of the Complaint in this action," and denies the remainder of the allegations in the sentence. In response to the allegations of the last (fifth) sentence of paragraph 25, Freedom admits only that it requested that LoanCare provide support for its demands to Freedom, and denies the remainder of the allegations of the sentence.

26. Freedom admits only that LoanCare provided certain documentation and information to Freedom, and states that same failed to provide any support for LoanCare's demands to Freedom. Except as so admitted, Freedom denies the allegations of paragraph 26 of the Counterclaim.

27. In response to the allegations of the first sentence of paragraph 27 of the Counterclaim, Freedom admits that it wired $66,134,172.36 to LoanCare on May 12, 2016, but denies the remainder of the allegations in the sentence. Freedom admits the allegations of the second sentence of paragraph 27. Freedom denies the allegations of the third sentence of

5

paragraph 27, or that any such funds are due and owing to LoanCare.

28. In response to the allegations of the first sentence of paragraph 28 of the Counterclaim, Freedom admits only that monthly sums were and are payable to Freedom by LoanCare. Except as so admitted, Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 28 of the Counterclaim. Freedom denies the allegations of the second sentence of paragraph 28.

### COUNT ONE - FRAUD

29. Freedom repeats and reiterates its responses to paragraphs 1-28 of the Counterclaim as though set forth at length herein.

30. Freedom denies the allegations of paragraph 30 of the Counterclaim.

31. Freedom admits the allegations of paragraph 31 of the Counterclaim.

32. Freedom admits the allegations of paragraph 32 of the Counterclaim.

33. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Counterclaim.

34. Freedom denies the allegations of paragraph 34 of the Counterclaim.

35. Freedom denies the allegations of paragraph 35 of the Counterclaim.

36. Freedom denies the allegations of paragraph 36 of the Counterclaim.

37. Freedom denies the allegations of paragraph 37 of the Counterclaim.

38. Freedom denies the allegations of paragraph 38 of the Counterclaim.

## COUNT TWO - CONVERSION

39. Freedom repeats and reiterates its responses to paragraphs 1-38 of the Counterclaim as though set forth at length herein.

40. Freedom denies the allegations of paragraph 40 of the Counterclaim.

41. Freedom denies the allegations of paragraph 41 of the Counterclaim.

42. Freedom denies the allegations of paragraph 42 of the Counterclaim.

43. Freedom denies the allegations of paragraph 43 of the Counterclaim.

## COUNT THREE – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS EXPECTANCIES

44. Freedom repeats and reiterates its responses to paragraphs 1-43 of the Counterclaim as though set forth at length herein.

45. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Counterclaim.

46. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Counterclaim.

47. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Counterclaim.

48. Freedom denies the allegations of paragraph 48 of the Counterclaim.

49. Freedom denies the allegations of paragraph 49 of the Counterclaim.

50. Freedom denies the allegations of paragraph 50 of the Counterclaim.

51. Freedom denies the allegations of paragraph 51 of the Counterclaim.

4830-0664-6326v.1

52. Freedom denies the allegations of paragraph 52 of the Counterclaim.

53. Freedom denies the allegations of paragraph 53 of the Counterclaim.

54. Freedom denies the allegations of paragraph 54 of the Counterclaim.

## COUNT FOUR – BREACH OF CONTRACT

55. Freedom repeats and reiterates its responses to paragraphs 1-54 of the Counterclaim as though set forth at length herein.

56. Freedom admits the allegations of paragraph 56 of the Counterclaim.

57. Freedom admits only that LoanCare has accurately quoted a portion of § 1.11 of the Subservicing Agreement and that the remainder of that Section and the remainder of the Subservicing Agreement speak for themselves. Freedom directs the Court to the full Subservicing Agreement for its complete terms, and denies the allegations of paragraph 57 of the Counterclaim to the extent that LoanCare seeks to imply anything or impose any duty upon Freedom which is contrary to the terms of the Subservicing Agreement.

58. Freedom denies the allegations of paragraph 58 of the Counterclaim.

59. Freedom admits only that the Subservicing Agreement speaks for itself and directs the Court to the full Subservicing Agreement for its complete terms, and denies the allegations of paragraph 59 of the Counterclaim to the extent that LoanCare seeks to imply anything or impose any duty upon Freedom which is contrary to the terms of the Subservicing Agreement.

60. Freedom admits only that LoanCare has accurately quoted a portion of § 1.11 of the Subservicing Agreement and that the remainder of that Section and the remainder of the Subservicing Agreement speak for themselves. Except as so admitted, Freedom denies the

allegations of paragraph 60 of the Counterclaim.

61. Freedom denies the allegations of paragraph 61 of the Counterclaim.

62. Freedom denies the allegations of paragraph 62 of the Counterclaim.

## COUNT FIVE – UNJUST ENRICHMENT

63. Freedom repeats and reiterates its responses to paragraphs 1-62 of the Counterclaim as though set forth at length herein.

64. Freedom admits only that, during the term of the Agreement, LoanCare made certain "Advances" (as such term is defined under § 1.3 of the Subservicing Agreement) and incurred certain "Other Charges" (as such term is described in § 1.50 of the Subservicing Agreement). Except as so admitted, Freedom lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 64 of the Counterclaim.

65. Freedom denies the allegations of paragraph 65 of the Counterclaim.

66. Freedom denies the allegations of paragraph 66 of the Counterclaim.

67. Freedom denies the allegations of paragraph 67 of the Counterclaim.

68. Freedom denies the allegations of paragraph 68 of the Counterclaim.

69. Freedom denies the allegations of paragraph 69 of the Counterclaim.

70. Freedom denies the allegations of paragraph 70 of the Counterclaim.

71. Freedom denies the allegations of paragraph 71 of the Counterclaim.

72. Freedom denies the allegations of paragraph 72 of the Counterclaim.

73. Freedom avers that paragraph 73 of the Counterclaim states conclusions of law to which no response is required. To the extent a response is required, Freedom denies the

allegations paragraph 73.

74. Freedom denies the allegations of paragraph 74 of the Counterclaim.

75. Freedom denies the allegations of paragraph 75 of the Counterclaim.

## COUNT SIX – BREACH OF CONTRACT

76. Freedom repeats and reiterates its responses to paragraphs 1-75 of the Counterclaim as though set forth at length herein.

77. Freedom admits only that LoanCare has accurately quoted a portion of § 6.1(i) of the Subservicing Agreement and that the remainder of that Section and the remainder of the Subservicing Agreement speak for themselves. Freedom directs the Court to the full Subservicing Agreement for its complete terms, and denies the allegations of paragraph 77 of the Counterclaim to the extent that LoanCare seeks to imply anything or impose any duty upon Freedom which is contrary to the terms of the Subservicing Agreement.

78. Freedom admits only that the Subservicing Agreement speaks for itself and directs the Court to the full Subservicing Agreement for its complete terms, and denies the allegations of paragraph 78 of the Counterclaim to the extent that LoanCare seeks to imply anything or impose any duty upon Freedom which is contrary to the terms of the Subservicing Agreement.

79. Freedom admits only that the Subservicing Agreement speaks for itself and directs the Court to the full Subservicing Agreement for its complete terms, and denies the allegations of paragraph 79 of the Counterclaim to the extent that LoanCare seeks to imply anything or impose any duty upon Freedom which is contrary to the terms of the Subservicing Agreement.

80. Freedom denies the allegations of the first sentence of paragraph 80 of the

Counterclaim. With respect to the remaining allegations of paragraph 80, Freedom denies that "[a] HUD investigation revealed that Freedom made false statements, withheld information, and engaged in other misconduct" and admits only that LoanCare has selectively quoted portions of a Settlement Agreement between the United States and Freedom in which Freedom did not admit liability, and directs the Court to the Settlement Agreement for its complete terms.

81. Freedom admits only that it entered into a settlement of certain claims and did not admit liability. Except as so admitted, Freedom denies the allegations of paragraph 81 of the Counterclaim.

82. Freedom denies the allegations of paragraph 82 of the Counterclaim.

83. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Counterclaim.

84. Freedom denies the allegations of paragraph 84 of the Counterclaim.

85. Freedom denies the allegations of the paragraph 85 of the Counterclaim.

**COUNT SEVEN – BREACH OF CONTRACT**
**(EverBank Reporting)**

86. Freedom repeats and reiterates its responses to paragraphs 1-85 of the Counterclaim as though set forth at length herein.

87. In response to the first sentence of paragraph 87 of the Counterclaim, Freedom admits that during the term of the Subservicing Agreement, EverBank became a private investor in certain loans that LoanCare subserviced, and states that Massachusetts Mutual Life Insurance Company (whose affiliate is Cornerstone Real Estate Advisers, LLC) also became a private investor in certain loans that LoanCare subserviced. Freedom denies the allegations of the second

and third sentences of paragraph 87 of the Counterclaim.

88. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Counterclaim.

89. Freedom denies the allegations of paragraph 89 of the Counterclaim.

90. Freedom admits only that LoanCare has accurately paraphrased a portion of § 1.8(iv) of the Subservicing Agreement and that the remainder of that Section and the remainder of the Subservicing Agreement speak for themselves. Freedom directs the Court to the full Subservicing Agreement for its complete terms, and denies the allegations of paragraph 90 of the Counterclaim to the extent that LoanCare seeks to imply anything or impose any duty upon Freedom which is contrary to the terms of the Subservicing Agreement.

91. Freedom admits only that LoanCare has paraphrased a portion of § 1.3.3 of the Subservicing Agreement and that the remainder of that Section and the remainder of the Subservicing Agreement speak for themselves. Freedom directs the Court to the full Subservicing Agreement for its complete terms, and denies the allegations of paragraph 91 of the Counterclaim to the extent that LoanCare seeks to imply anything or impose any duty upon Freedom which is contrary to the terms of the Subservicing Agreement.

92. Freedom admits only that LoanCare has accurately quoted a portion of § 1.50 of the Subservicing Agreement and that the remainder of that Section and the remainder of the Subservicing Agreement speak for themselves. Freedom directs the Court to the full Subservicing Agreement for its complete terms, and denies the allegations of paragraph 92 of the Counterclaim to the extent that LoanCare seeks to imply anything or impose any duty upon Freedom which is

contrary to the terms of the Subservicing Agreement.

93. Freedom denies the allegations of paragraph 93 of the Counterclaim.

94. Freedom denies the allegations of paragraph 94 of the Counterclaim.

## COUNT EIGHT – BREACH OF CONTRACT
### (Recording Fees)

95. Freedom repeats and reiterates its responses to paragraphs 1-94 of the Counterclaim as though set forth at length herein.

96. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Counterclaim.

97. Freedom denies the allegations of paragraph 97 of the Counterclaim.

98. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 of the Counterclaim.

99. Freedom denies the allegations of paragraph 99 of the Counterclaim.

100. Freedom denies the allegations of paragraph 100 of the Counterclaim.

## COUNT NINE – BREACH OF CONTRACT
### (System Changes on Modification)

101. Freedom repeats and reiterates its responses to paragraphs 1-100 of the Counterclaim as though set forth at length herein.

102. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Counterclaim.

103. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 of the Counterclaim.

104. Freedom admits only that Schedule II, § B.6 of the Subservicing Agreement speaks for itself and directs the Court to that Section and to the full Subservicing Agreement for its complete terms, and denies the allegations of paragraph 104 of the Counterclaim to the extent that LoanCare seeks to imply anything or impose any duty upon Freedom which is contrary to the terms of the Subservicing Agreement.

105. Freedom denies the allegations of paragraph 105 of the Counterclaim.

106. Freedom denies the allegations of paragraph 106 of the Counterclaim.

### COUNT TEN – BREACH OF CONTRACT
### (Recording Changes on Modifications)

107. Freedom repeats and reiterates its responses to paragraphs 1-106 of the Counterclaim as though set forth at length herein.

108. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 of the Counterclaim.

109. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 of the Counterclaim.

110. Freedom admits only that Schedule II, § B.6 of the Subservicing Agreement speaks for itself and directs the Court to that Section and to the full Subservicing Agreement for its complete terms, and denies the allegations of paragraph 110 of the Counterclaim to the extent that LoanCare seeks to imply anything or impose any duty upon Freedom which is contrary to the terms of the Subservicing Agreement.

111. Freedom denies the allegations of paragraph 111 of the Counterclaim.

112. Freedom denies the allegations of paragraph 112 of the Counterclaim.

113. Freedom denies the allegations of paragraph 113 of the Counterclaim.

## COUNT ELEVEN – BREACH OF CONTRACT
### (Duplicate State License Assessments)

114. Freedom repeats and reiterates its responses to paragraphs 1-113 of the Counterclaim as though set forth at length herein.

115. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115 of the Counterclaim.

116. Freedom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116 of the Counterclaim.

117. Freedom denies the allegations of paragraph 117 of the Counterclaim.

118. Freedom denies the allegations of paragraph 118 of the Counterclaim.

119. Freedom denies the allegations of paragraph 119 of the Counterclaim.

## COUNT TWELVE – BREACH OF CONTRACT
### (Compensation for Fannie Mae Fees Paid by LoanCare)

120. Freedom repeats and reiterates its responses to paragraphs 1-119 of the Counterclaim as though set forth at length herein.

121. Freedom admits the allegations of paragraph 121 of the Counterclaim.

122. Freedom denies the allegations of paragraph 122 of the Counterclaim.

123. Freedom denies the allegations of paragraph 123 of the Counterclaim.

124. Freedom denies the allegations of paragraph 124 of the Counterclaim.

125. Freedom denies the allegations of paragraph 125 of the Counterclaim.

## AFFIRMATIVE DEFENSES

1. LoanCare's Counterclaim fails, in whole or in part, to state a claim upon which relief may be granted.

2. Freedom did not breach any duty of care or obligation (whether arising from the Subservicing Agreement, contract, statute, the common law or otherwise) in connection with its performance arising out of or related to Subservicing Agreement.

3. LoanCare's Counterclaim fails to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

4. LoanCare's Counterclaim should be dismissed, in whole or in part, for failure to comply with the applicable statute of limitations.

5. LoanCare's Counterclaim should be dismissed, in whole or in part, based upon the doctrine of unclean hands.

6. LoanCare's Counterclaim should be dismissed, in whole or in part, because LoanCare's own negligence, gross negligence, willful misconduct, acts and/or omissions have caused it to sustain the damages sought in its Counterclaim.

7. LoanCare's Counterclaim should be dismissed, in whole or in part, based upon the doctrines of laches, waiver and/or estoppel.

8. LoanCare's Counterclaim should be dismissed, in whole or in part, based upon its failure to mitigate its damages.

9. LoanCare's Counterclaim should be dismissed, in whole or in part, because LoanCare materially breached the Subservicing Agreement and may not maintain any action arising from or

based upon the Subservicing Agreement.

10. Freedom is entitled to a set-off against any damages recovered by LoanCare through its Counterclaim in the amount of any damages awarded to Freedom in connection with the claims asserted in its Complaint

11. Freedom expressly reserves the right to supplement its affirmative defenses as discovery in this matter proceeds.

## PRAYER FOR RELIEF

**WHEREFORE**, Freedom respectfully request that judgment be entered against defendant LoanCare, LLC:

1. Dismissing LoanCare's Counterclaim with prejudice in its entirety;

2. For reasonable attorneys' fees and costs incurred in defending against the Counterclaim; and

3. For such other and further relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. of Civ. P. 38, Freedom respectfully demands a trial by jury on all claims and issues so triable.

                                      **LANDMAN CORSI BALLAINE & FORD P.C.**
                                      **Attorneys for Plaintiff Freedom Mortgage Corp.**

Dated: August 12, 2016         /s/ Jerry A. Cuomo
       Newark, NJ                 Jerry A. Cuomo (JC-4253)
                                    Mark S. Landman (ML-7654), *pro hac vice*