## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FREEDOM MORTGAGE CORPORATION,** | **Civil Action No. 16-cv-2569-RMB-KMW** |
| **Plaintiff/Counterclaim Defendant** | |
| v. | **DECLARATION PURSUANT TO LOCAL CIVIL RULE 5.3(b)(2) IN SUPPORT OF ENTRY OF DISCOVERY CONFIDENTIALITY ORDER** |
| **LOANCARE, LLC (as successor to FNF Servicing, Inc. and LoanCare, a Division of FNF Servicing, Inc.),** | |
| **Defendant/Counterclaim Plaintiff** | |

**JERRY A. CUOMO** hereby declares as follows pursuant to 28 U.S.C. § 1746:

1.      I am an attorney admitted to the bars of the State of New Jersey and the United States District Court for the District of New Jersey and a member of Landman Corsi Ballaine & Ford P.C., counsel for plaintiff/counterclaim defendant Freedom Mortgage Corporation ("Freedom").

2.      I submit this Declaration pursuant to Local Civ. R. 5.3(b)(2) in support of entry of a Proposed Discovery Confidentiality Order (the "Proposed Order"), which has been jointly stipulated and consented to by counsel for Freedom and counsel for defendant/counterclaim plaintiff LoanCare, LLC ("LoanCare'").

3.      This Declaration has been drafted in consultation with counsel for LoanCare and LoanCare joins in Freedom's request for entry of the Proposed Order.  Freedom and LoanCare are collectively referred to herein as "the Parties."

1

4.      A copy of the Proposed Order was previously submitted via e-mail to the Hon. Karen M. Williams, U.S.M.J. on September 22, 2016, and is also attached hereto as Exhibit 1. The Proposed Order is substantially in the form of Appendix S to this Court's Local Civil Rules.

5.      The Parties believe that entry of the Proposed Order is necessary because discovery in this litigation may involve the disclosure of certain documents, information and things in the possession, custody, or control of the Parties that constitute business-related agreements, trade secrets or other confidential financial, pricing, marketing, regulatory, commercial, or other business and competitive information within the meaning of Fed. R. Civ. P. 26(c)(1)(G).

6.      This case also involves claims relating to and arising from LoanCare's subservicing of certain residential mortgage loans for Freedom. As a result, discovery in this litigation may involve disclosure of mortgage, loan and claim-related documents containing personal information and data of non-parties (including, but not limited to, third-party borrowers).

7.      The disclosure of the documents, information and things referenced in paragraphs 5 and 6 of this Declaration would pose a substantial risk of irreparable harm to the Parties' legitimate interests and/or the legitimate privacy interests of third-parties. For this reason, the Parties in their respective business practices have taken steps to safeguard and protect the confidentiality of the foregoing.

8.      The Proposed Order provides reasonable and necessary restrictions on the disclosure of sensitive materials of a confidential nature.

9.      To streamline the discovery process and minimize the need for Court intervention, the Proposed Order allows the producing Party to designate certain materials being produced as confidential, with disclosure limited to specific classes of persons as set forth in the Proposed Order.

10.     Specifically, the Proposed Order permits the Parties to designate as "Confidential" any material that:

(a)     Contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information;

(b)     Contains private or confidential personal information;

(c)     Contains information received in confidence from third-parties; or

(d)     The producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. (Exh. 1, Proposed Order, ¶ 1).

11.     The Proposed Order further permits the Parties to designate as "Attorneys' Eyes Only" any material "that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party." (Exh. 1, Proposed Order, ¶ 2).

12.     The Proposed Order also provides that the Party requesting production of the information may challenge the producing Party's confidentiality designation, and a procedure by which challenges shall be resolved, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated. (Exh. 1, Proposed Order, ¶ 8).

13.     Should the Proposed Order not be entered, information designated as Confidential or Attorneys' Eyes Only, including sensitive and proprietary, and/or trade secret information of the Parties and private and personal information of non-parties (including individual third-party borrowers), may be made public in the course of this litigation, against legitimate private and/or public interests which the Parties agree warrant confidentiality.

14.     Maintaining the confidentiality of this information would advance the public interest. For example, the public has a clear interest in maintaining the privacy of knowledge and information in which a business may be said to have a proprietary interest and a clear interest in maintaining the privacy and confidentiality of personal information and data contained within a non-party's residential mortgage, loan and claim documents.

15.     Absent entry of the Proposed Order, disclosure of information designated as Confidential Information or Attorneys' Eyes' Only Information will likely cause irreparable harm to the producing Party, including, but not limited to, substantial damage to the producing Party's competitive advantage. Further, there could be unnecessary and unwarranted disclosure of third-party personal information and data contained within residential mortgage, loan and claim documents.

16.     The Proposed Order further provides that the Parties will file under seal only the specific material designated as Confidential or Attorneys' Eyes Only. Only where doing so is impractical will the Parties be permitted under the Proposed Order to file the entire document containing such material under seal. As such, the Proposed Order seeks to assure that the public's legitimate right of access to filings with this Court are not restricted any further than necessary to protect the legitimate privacy interests of the Parties and non-parties (including non-party borrowers).

17.     The Court of Appeals for the Third Circuit and this Court have approved proposed confidentiality orders under similar circumstances. See, e.g., Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 36 (3d Cir. 2011) (permitting personal identifying information, social security numbers and bank account information to be filed under seal); Goldenberg v. Indel, Inc., 2012 WL 15909 at *3 (D.N.J. 2012) (stating that "the confidentiality of business agreements, trade secrets or

commercial information are a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace"); <u>Platt v. Freedom Mortg. Corp.</u>, 2013 WL 6499252 at *10 (D.N.J. 2013) (sealing personal information of non-parties, including Social Security numbers, home addresses, dates of birth, and telephone numbers).

18.     For the reasons set forth in this Declaration, the Parties jointly request that the Court enter the Proposed Order.

19.     I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: October 3, 2016          _/s/ *Jerry A Cuomo*___
      Newark, NJ          Jerry A. Cuomo

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION, | Civil Action No. 16-cv-2569-RMB-KMW |
| **Plaintiff/Counterclaim Defendant** | |
| v. | **DISCOVERY CONFIDENTIALITY ORDER** |
| LOANCARE, LLC (as successor to FNF Servicing, Inc. and LoanCare, a Division of FNF Servicing, Inc.), | |
| **Defendant/Counterclaim Plaintiff** | |

1.       Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing:

(a)       that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information;

(b)        that contains private or confidential personal information;

(c)       that contains information received in confidence from third parties; or

(d)       which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.

Any party to this litigation or any third party covered by this Order, who produces or discloses any material designated as Confidential, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same

with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.     Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3.     All material designated as "Confidential" or "Attorneys' Eyes Only" shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 or 5, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of material designated as Confidential or Attorneys' Eyes Only, provided that such advice and opinions shall not reveal the content of such material except by prior written agreement of counsel for the parties, or by Order of the Court.

2

4.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a)      Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

(b)      Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(c)      Secretarial, paralegal, and other clerical and administrative personnel of the foregoing;

(d)      The Court and court personnel;

(e)      Any deponent may be shown or examined on any information, document or thing designated Confidential;

(f)      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g)      The parties. In the case of parties that are corporations or other business entities, "party" shall mean employees who are required to provide support or guidance with respect to the prosecution or defense of this lawsuit.

5.      Material produced and marked as Attorneys' Eyes Only and the contents of such material may be disclosed only to the following individuals under the following conditions:

3

3220083.1

(a)     Outside counsel who are working on this action;

(b)     Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(c)     Secretarial, paralegal, and other clerical and administrative personnel of the foregoing;

(d)     The Court and court personnel;

(e)     Any deponent may be shown or examined on any information, document or thing designated "Attorneys' Eyes Only" if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(f)     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g)     Such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

6.     Material designated as Confidential or Attorneys' Eyes Only shall be used only by individuals permitted access to it under Paragraphs 4 or 5, as applicable.  Material designated as

4

Confidential or Attorneys' Eyes Only, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless:

      (a)      outside counsel for the party asserting confidentiality waives the claim of confidentiality, or

      (b)      the Court orders such disclosure.

      7.      With respect to any depositions that involve a disclosure of a party's material designated as Confidential or Attorneys' Eyes Only, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) if marked Confidential or Paragraph 5(a), (b), (c), (d) and (f) if marked Attorneys' Eyes Only, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) if marked Confidential or Paragraph 5(a), (b), (c), (d) and (f) if marked Attorneys' Eyes Only during said thirty (30) days.  Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3, 4, and 5, as applicable.

5

8.      If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)     Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only.  If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9.      All material designated as Confidential or Attorneys' Eyes Only filed with the Court, including any part of any pleadings and/or depositions, which contain such material, and all papers (including pleadings, affidavits and memoranda of law) relying on or purporting to reproduce or paraphrase such material, shall be filed in accordance with L. Civ. R. 5.3(c). The

6

parties shall file under seal only that information that has been designated as Confidential or Attorneys' Eyes Only material, where practicable; if doing so is impracticable, the parties shall file the entire document containing such material under seal. Notwithstanding which party files a motion to seal as set forth in this paragraph, the burden of satisfying the criteria for sealing materials under L. Civ. R. 5.3(c), including submitting Proposed Findings of Fact and Conclusions of Law, shall at all times remain on the party originally designating the information or material as Confidential or Attorneys' Eyes Only. The parties also expressly contemplate that, where appropriate, a party seeking to file documents containing material designated as Confidential or Attorneys' Eyes Only under this Discovery Confidentiality Order may seek waiver of the provisions of this paragraph from the producing party prior to filing. Where the producing party grants such a waiver and the designated information is made publicly available via the Court's public docket, such information shall no longer be treated as Confidential or Attorneys' Eyes Only. Furthermore, the parties do not intend this paragraph to apply to submissions delivered directly to the District Judge or Magistrate Judge in the course of resolving informal discovery disputes and which are not filed on the Court's public docket.

      10.    If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only material, it may do so only after giving notice to the producing party and as directed by the Court.

      11.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality,

7

either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Discovery Confidentiality Order.

      12.      When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

      13.      No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Discovery Confidentiality Order.

8

14.     This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15.     This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to destroy all originals and unmarked copies of documents and things containing material designated as Confidential or Attorneys' Eyes Only and to destroy, should the originating source so request, all copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing such material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order.  To the extent a party requests the return of material designated as Confidential or Attorneys' Eyes Only from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

**IT IS SO ORDERED**                     _____

                                          **Karen M. Williams, U.S.M.J.**

# Exhibit

# A

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FREEDOM MORTGAGE CORPORATION,**<br><br>**Plaintiff/Counterclaim Defendant**<br><br>v.<br><br>**LOANCARE, LLC (as successor to FNF Servicing, Inc. and LoanCare, a Division of FNF Servicing, Inc.),**<br><br>**Defendant/Counterclaim Plaintiff** | Civil Action No. 16-cv-2569-RMB-KMW<br><br><br>**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

I, _____, being duly sworn, state that:

1.    My address is _____.

2.    My present employer is _____ and the address of my present employment is _____.

3.    My present occupation or job description is _____.

4.    I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5.    I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any material designated as Confidential or Attorneys' Eyes Only or any words, summaries, abstracts, or indices of same disclosed to me.

10

3220083.1

6. I will limit use of material designated as Confidential or Attorneys' Eyes Only disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all material designated as Confidential or Attorneys' Eyes Only and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

8. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____     _____

                                    [Name]

11