[Dkt. Nos. 127, 136, 163, & 174]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| FREEDOM MORTGAGE CORP., | : | |
| | : | Civ. No. 16-2569 (RMB/KMW) |
| Plaintiff/ | : | |
| Counterclaim Defendant, | : | |
| | : | **MEMORANDUM OPINION & ORDER** |
| v. | : | |
| | : | |
| LOANCARE, LLC, | : | |
| | : | |
| Defendant/ | : | |
| Counterclaim Plaintiff. | : | |
| | : | |

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

After years of contested litigation and failed efforts at mediation, the parties now come before this Court with competing and voluminous motions for summary judgment [Dkt. Nos. 127, 136] contending that there are no genuine disputes of material fact. In reality, each party offers its own version of the facts and asks this Court to adopt their respective version.  That, however, is the role of a jury, not the Court.  For that reason, and for additional considerations discussed herein, Plaintiff/Counterclaim-Defendant Freedom Mortgage Corporation's ("Freedom") Motion for Summary Judgment [Dkt. No. 136] is **DENIED** in its entirety, and Defendant/Counterclaim-Plaintiff LoanCare, LLC's ("LoanCare") Motion for Summary Judgment [Dkt. No. 127] is **GRANTED IN PART**, as to the dismissal of Count V (Tortious

Interference with Contract) from Freedom's Amended Complaint [Dkt. No. 69], and **DENIED IN PART**, with respect to all other claims.

First, LoanCare moves for summary judgment on Counts One, Three and Four of its Counterclaim as well as all counts from Freedom's Amended Complaint. [See Dkt. No. 127]. It contends that Freedom secretly blocked access to the custodial accounts, and fraudulently induced LoanCare to send additional monies to Freedom, all to a detriment of approximately $22 million. LoanCare avers that it is undisputed that Freedom's deception was intentional and wrong and, therefore, it is entitled to summary judgment on its fraud claim. From that point, LoanCare jumps to the conclusion that because Freedom Mortgage owes it more than $22 million plus interest, it is entitled to summary judgment on its contract claim and conversion claim.

In response, Freedom Mortgage argues that it is entitled to partial summary judgment on Count One of its Amended Complaint and Counts One, Three, Five through Eleven of the Counterclaim. [See Dkt. No. 136]. To that end, Freedom contends that the evidence shows that LoanCare breached the subservicing agreement by mishandling foreclosure proceedings and insurance claims. Freedom points to entities such as HUD who identified repeated failures in LoanCare's practices.

Simultaneously, Freedom Mortgage seeks to preclude the expert opinions of Nigel Brazier and Christopher Sicuranza who have opined that Freedom's loan origination practices fall below proper standards and contributed to LoanCare's problems in servicing the loans.  The Court will conduct a <u>Daubert</u> hearing prior to trial.  To the extent Freedom argues that the Sicuranza report violates Federal Rule of Civil Procedure 26(a)(2)(B)(i), it is not clear why this issue is being raised for the first time before this Court and not Magistrate Judge Williams.  Certainly, this Court cannot determine whether summary judgment is warranted on Freedom's breach of contract claim until this issue is resolved.

As for the LoanCare's fraudulent inducement claim, Freedom contends that summary judgment is warranted because LoanCare does not contend that it was fraudulently induced to enter into the servicing agreement.  Indeed, LoanCare's claim alleges something much different.  LoanCare claims that it was fraudulently induced to funnel additional funds into the blocked custodial accounts in a manner that was not proscribed under the subservicing agreement.  This is very different from LoanCare's other claim that Freedom breached the subservicing agreement by refusing to return the excess funds back to LoanCare.  This Court has already rejected Freedom's argument on this point, stating as follows:

3

> Based on LoanCare's allegation that it was not contractually required to turn over the custodial accounts in the manner requested by Freedom, along with LoanCare's claim that it would not have initiated the transfers if it had known that Freedom had already seized the accounts, the Court will allow LoanCare's fraudulent inducement claim to proceed alongside the breach of contract claim. Although the Court will allow this claim to proceed at this stage of this litigation, the Court will not preclude Freedom from raising this issue again at a later point if the evidence fails to support the pleadings.

MTD Opinion, dated Sept. 23, 2019 [Dkt. No. 116], at p.9. At this stage, nothing has changed. Freedom has not pointed to any evidence suggesting that LoanCare was contractually required to transfer the funds in the manner requested by Freedom. As such, the Court will not grant summary judgment.

Next, LoanCare also contends that it is entitled to summary judgment on any loan where Freedom Mortgage bases its damages in third-party conduct, such as conduct by foreclosure attorneys, or where the breach occurred outside the statute of limitations period, or where the losses are "pass through" ones. LoanCare may be right, but this Court finds it bewildering that the parties believe this Court can perform this analysis and reach summary judgment at this stage when there are still so many material facts in dispute.

Upon review, the Court identifies one cause of action that can be resolved at this stage: Freedom's claim that LoanCare tortiously interfered with Freedom's agreements with EverBank.

4

On this claim, although Freedom points to evidence that LoanCare inadequately serviced the loans, Freedom fails to demonstrate that LoanCare acted with the requisite intent to interfere with, or cause a breach of, the EverBank agreements.  To the extent Freedom believes that LoanCare failed to live up to its contractual commitments and industry standards in servicing the loans, Freedom can seek relief under its remaining claims, including those for breach of the subservicing agreement.

**ACCORDINGLY, IT IS** on this **23rd** day of **July 2020**, hereby

**ORDERED** that LoanCare's Motion for Summary Judgment [Dkt. No. 127] is **GRANTED IN PART**, as to Count V (Tortious Interference) from Freedom's Amended Complaint, and **DENIED IN PART**, with respect to all other claims; and it is further

**ORDERED** that Freedom's Motion for Summary Judgment [Dkt. No. 136] is **DENIED**; and it is further

**ORDERED** that the LoanCare's Motion to Strike [Dkt. No. 163] is **DENIED as moot** (whether in the form of opposition or a cross-motion, the existence of material disputed facts is overwhelming); and it is further

**ORDERED** that the Motion to Seal [Dkt. No. 174] is **GRANTED**.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE